**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District of Virginia
                    (State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. **Debtor's Name** | Pier 1 Imports (U.S.), Inc. | |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 75-2552034 | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **100 Pier 1 Place**<br>Number          Street | Number          Street |
| | P.O. Box |
| **Fort Worth, Texas 76102**<br>City                    State    Zip Code | City                    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Tarrant County**<br>County | Number          Street |
| | |
| | City                    State    Zip Code |

5. **Debtor's website** (URL)    www.pier1.com

6. **Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    Pier 1 Imports (U.S.), Inc.    Case number *(if known)* _____
Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4422 (Home Furnishing Stores)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District _____    When _____    Case number _____
                                          MM/DD/YYYY

           District _____    When _____    Case number _____
                                          MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.    Debtor    **See Rider 1**    Relationship    **Affiliate**

           District    **Eastern District of Virginia**    When    **02/17/2020**
                                                                    MM / DD / YYYY

           Case number, if known _____

---

| Debtor | Pier 1 Imports (U.S.), Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | Number | Street |
|---|---|---|

_____

| City | | State | Zip Code |
|---|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☒ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

---

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

[1] The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

| Debtor | Pier 1 Imports (U.S.), Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

---

**16. Estimated liabilities**

☐ $0-$50,000  ☐ $1,000,001-$10 million  ☒ $500,000,001-$1 billion
☐ $50,001-$100,000  ☐ $10,000,001-$50 million  ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000  ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million  ☐ $100,000,001-$500 million  ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    02/17/2020
                        MM/ DD / YYYY

✘    /s/ **Robert J. Riesbeck**                               **Robert J. Riesbeck**
Signature of authorized representative of debtor          Printed name

Title    **Chief Executive Officer**

**18. Signature of attorney**

✘    /s/ **Michael A. Condyles**                    Date    02/17/2020
Signature of attorney for debtor                                MM/DD/YYYY

**Michael A. Condyles**
Printed name

**Kutak Rock LLP**
Firm name

**901 East Byrd Street, Suite 1000**
Number                    Street

**Richmond**                                    **Virginia**          **23219-4071**
City                                            State            ZIP Code

**(804) 343-5227**                              michael.condyles@kutakrock.com
Contact phone                                   Email address

**27807**                                       **Virginia**
Bar number                                      State

---

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

Eastern District of Virginia

(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Eastern District of Virginia for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Pier 1 Imports, Inc.

- Pier 1 Imports, Inc.
- Pier 1 Assets, Inc.
- Pier 1 Holdings, Inc.
- Pier 1 Imports (U.S.), Inc.
- Pier 1 Licensing, Inc.
- Pier 1 Services Company
- Pier 1 Value Services, LLC
- PIR Trading, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| PIER 1 IMPORTS (U.S.), INC., | ) |
| | ) Case No. 20-_____(____) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS

| Debtor | Equity Holders | Address of Equity Holder | Percentage Held |
|---|---|---|---|
| Pier 1 Imports (U.S.), Inc. | Pier 1 Licensing, Inc. | 100 Pier 1 Place<br>Fort Worth, Texas 76102 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PIER 1 IMPORTS (U.S.), INC., | ) Case No. 20-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Pier 1 Imports Inc. | 100% |
| Pier 1 Assets, Inc. | 100% |
| Pier 1 Licensing Inc. | 100% |
| Charles Schwab Investment Management | 11.1% |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Pier 1 Imports, Inc., *et al.* |
| United States Bankruptcy Court for the: | Eastern District of Virginia |
| Case number *(If known):* | _____ (State) |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured Claim |
| 1 | GUANGZHOU NANFANG FURNITURE CO LTD PANYU DONGYONG TOWN SHIJI INDUSTRIAL AREA GUANGDONG CHINA | CONTACT: Chief Financial Officer PHONE: 020-62856001 FAX: 020-62856003 LLX802@163.com JOANNA86AUSTIN@126.COM | Trade | X | | | $5,588,324.69 |
| 2 | MIFACO LTD 57/16 BINH PHUOC A BINH CHUAN WARD THUAN AN, 57 590000 VIETNAM | CONTACT: Chief Financial Officer PHONE: +84 650 711136 FAX: +84 650 711135 baolong@mifaco.com.vn info@mifaco.com.vn | Trade | X | | | $2,202,416.21 |
| 3 | MAERSK 9300 ARROWPOINT BLVD. CHARLOTTE, NC 28273 | CONTACT: Chief Financial Officer PHONE: 800321-8807 FAX: 704571-4640 joe.rodriguez@sealandmaersk.com | Trade | X | | | $1,603,979.00 |
| 4 | BHATI & COMPANY E524 526 ST 10 MIA BASNI PHASE II JODHPUR, RJ 342005 INDIA | CONTACT: Chief Financial Officer PHONE: 91-291-2748144 FAX: 91-291-2748135 js@bhati.com deepak@bhati.com | Trade | X | | | $1,317,705.16 |
| 5 | SHENZHEN OULUO FURNITURE CO LTD 13 SHAHE RD., DAWAN VLG. DAKANG COMMUNITY HENGGANG BLOCK LONGGANG SHENZHEN, GD 518115 CHINA | CONTACT: Chief Financial Officer PHONE: (86) 755 84262029 FAX: 86-755 84262012 phyllis@novita.net.cn | Trade | X | | | $1,274,906.71 |
| 6 | TAURUS HOME FURNISHING LLP PLOT NO. 166, SECTOR 5, IMT MANESAR GURGAON, HR 122051 INDIA | CONTACT: Chief Financial Officer PHONE: 124-4594900 santosh.singh@taurushome.com headoffice@taurushome.com | Trade | X | | | $1,220,018.40 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 7 | UPS<br>28013 NETWORK PLACE<br>CHICAGO, IL 60673-1280 | CONTACT: Chief Financial Officer<br>PHONE: 800333-7400<br>FAX: 866580-1944<br>UPGFClaims@upsfreight.com | Trade | X | | | $1,208,931.71 |
| 8 | SYNERGY HOME FURNISHINGS LLC<br>576 EAST WALNUT STREET<br>RIPLEY, MS 38663 | CONTACT: Chief Financial Officer<br>PHONE: 662993-8400<br>FAX: 662796-3053 | Trade | X | | | $989,780.57 |
| 9 | EVERGREEN FREIGHT<br>15950 DALLAS PARKWAY STE 700<br>ATTN TED CHUANG<br>DALLAS, TX 75248 | CONTACT: Chief Financial Officer<br>PHONE: 972246-2271<br>FAX: 972246-5503<br>dlsbiz@evergreen- shipping.us | Trade | X | | | $971,601.74 |
| 10 | TZENG SHYNG INDUSTRIES CORP<br>6F, NO. 296, SEC. 4, XINYI RD.<br>DA AN DISTRICT<br>TAIPEI, TPE 10679 TAIWAN | CONTACT: Chief Financial Officer PHONE: 886-6-270-2151<br>FAX:          886-6-270-0399<br>sarah@tscorp.net.tw | Trade | X | | | $962,940.86 |
| 11 | IGO TRADING LIMITED<br>RM. 2105, HZ1927, TREND CENTRE<br>29-31 CHEUNG LEE STREET<br>CHAI WAN, EASTERN HONG KONG | CONTACT: Chief Financial Officer<br>PHONE: 778-302-0100 | Trade | X | | | $947,903.40 |
| 12 | KYVAS INTERNATIONAL CO LTD<br>4F, NO. 477-1, SECT2N2<br>TIDINGDADAU, NEI-HU, TAIPEI<br>TIDING DADAO , NEIHU DISTRICT<br>TAIPEI, TPE 11493 TAIWAN | CONTACT: Chief Financial Officer<br>PHONE: 886-2-26572928<br>FAX: 886-2-26575059<br>lina1@kyvas.com | Trade | X | | | $824,626.67 |
| 13 | A&S SERVICES GROUP, LLC<br>310 N. ZARFOSS DRIVE<br>YORK, PA 17404 | CONTACT: Chief Financial Officer<br>PHONE: 717792-3632<br>FAX: 717792-3845<br>billing@askinard.com<br>cs@askinard.com | Trade | X | | | $820,827.41 |
| 14 | ANS<br>1-6 GRD FL, VHARDHAMAN CHAMBERS<br>127C KALYAN STR MASJID EAST<br>MUMBAI, MH 400005 INDIA | CONTACT: Chief Financial Officer<br>PHONE: +91 22 6611 0000<br>FAX: 91-22- 66341000<br>mail@ans.co.in | Trade | X | | | $759,164.70 |
| 15 | EVERGETIC DEVELOPMENT CO LTD<br>ROOM 1501, LIPPO CENTRE, TOWER 2<br>89 QU EENSWAY,<br>ADMI RALTY<br>CENTRAL AND WESTERN HONK KONG | CONTACT: Chief Financial Officer<br>PHONE: 852-25485889<br>FAX: 852-28582653 | Trade | X | | | $717,623.55 |
| 16 | DILEEP INDUSTRIES PVT LTD<br>584 MAHAVEER NAGAR,<br>TONK ROAD JAIPUR,<br>RJ 302018 INDIA | CONTACT: Chief Financial Officer<br>PHONE: 91-141-5194726<br>FAX: 91-141-2552599<br>ashok@dileep.in<br>ashokkchoraria@dileep.in | Trade | X | | | $702,490.57 |
| 17 | WALKER EDISON FURNITURE COMPANY<br>4350 W 2100 S<br>SALT LAKE CITY, UT 84120 | CONTACT: Chief Financial Officer<br>PHONE: 877203-2917<br>FAX: 801954-0564<br>service@walkeredison.com | Trade | X | | | $638,354.18 |
| 18 | HANG HAI WOODCRAFT'S ART FACTORY CO LTD<br>JINGFONGHUAN INDUSTRIAL<br>BAISHI MADAO SANGXIANG<br>ZHONGSHAN, GD 528463 CHINA | CONTACT: Chief Financial Officer<br>PHONE: 86 0760 6687422 | Trade | X | | | $617,529.62 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured Claim |
| 19 | DESIGNCO LAKRI FAZALPUR DELHI RD MINI BYPASS MORADABAD, UP 244001 INDIA | CONTACT: Chief Financial Officer PHONE: 1240-666666 FAX: 0591-2483695 designco@designco-india.com | Trade | X | | | $601,559.41 |
| 20 | SHENYANG NEW SEASONS ARTS & CRAFTS NO 6 HUI QUAN ROAD, HUNNAN NEW AND HIGH TECH INDUSTRIAL SHENYANG, LN 110168 CHINA | CONTACT: Chief Financial Officer PHONE: +86 (0)24-2382185 FAX:+86 24 23821853 | Trade | X | | | $589,090.08 |
| 21 | MARTCO EXPORT PRIVATE LIMITED NH 24, LODHIPUR RAJPUT MORADABAD, UP 244001 INDIA | CONTACT: Chief Financial Officer PHONE: 91-591-2223020 accounts@martco.in | Trade | X | | | $565,126.45 |
| 22 | SUN CO LTD NO 4 LANE 4 YECXANH STREET HAI BA TRUNG DISTRICT HANOI, HN VIETNAM | CONTACT: Chief Financial Officer PHONE: 84-4-9724321 FAX: 84-4-9724320 sunco49@gmail.com | Trade | X | | | $524,860.60 |
| 23 | MINHOU MINXING WEAVING CO LTD #56 XIANSHANBIAN, BAISHA TOWN, MINHOU FUZHOU, FJ 350102 CHINA | CONTACT: Chief Financial Officer PHONE: 86-591-22950672 FAX: (86) 59122950675/22950676 amy@minxing.com | Trade | X | | | $524,708.35 |
| 24 | ALBERTINA EXPORT AND IMPORT INC 5 SKYLINE ROAD PARADISE FARM, BRGY TUNGKONG MANGGA SAN JOSE DEL MONTE, BUL 3023 PHILIPPINES | CONTACT: Chief Financial Officer PHONE: 632-379-8749 FAX: 632-361 1787 info@albertinainc.com | Trade | X | | | $512,998.62 |
| 25 | AROMA BAY CANDLES CO LTD HUNG DAO WARD DUONG KINH DISTRICT HAIPHONG, HP 180000 VIETNAM | CONTACT: Chief Financial Officer | Trade | X | | | $506,008.70 |
| 26 | YANG MING (AMERICA) CORP 1085 RAYMOND BLVD 9TH FLOOR NEWARK, NJ 07102 | CONTACT: Chief Financial Officer PHONE: 201420-5800 FAX: 201222-6699 cs@yangming.com danshih@my.yangming.com | Trade | X | | | $504,705.00 |
| 27 | ZIM INTEGRATED SHIPPING SERVICES 5801 LAKE WRIGHT DR NORFOLK, VA 23502 | CONTACT: Chief Financial Officer PHONE: 757228-1400 FAX: 757228-1300 Glickman.Eli@zim.com; lubicich.marko@us.zim.com | Trade | X | | | $499,198.00 |
| 28 | STERNO HOME INC 1 BURBIDGE STREET, SUITE 101 COQUITLAM, BC V3K 7B2 CANADA | CONTACT: Chief Financial Officer PHONE: 888867-6095 customerservice@sternohome.com | Trade | X | | | $498,453.20 |
| 29 | BACNINH MANUFACTURE AND TRADING CO LTD 102A HOANG CAU DONG DA HANOI, HN 10000 VIETNAM | CONTACT: Chief Financial Officer PHONE: 84-4-35117663 FAX: 84-4 35117662 export1@bacninhcraft.com | Trade | X | | | $492,081.43 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[1] | Unsecured Claim |
| 30 | HANG ZHOU J AND S YARD HOME FASHION CO 2-3 FLOOR, BUILDING 2, NO. 115 XINGFA RD., XINGQIAO STREET YUHANG DISTRICT HANGZHOU, ZJ 311100 CHINA | Fan Wei Ping PHONE: 18069797796 FAX: (86 571) 8918 0492 1497267784@qq.com | Trade | X | | | $491,485.00 |

<table>
<tr><td colspan="2">Fill in this information to identify the case and this filing:</td></tr>
<tr><td>Debtor Name</td><td>Pier 1 Imports (U.S.), Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Eastern District of Virginia</td></tr>
<tr><td></td><td align="right">(State)</td></tr>
<tr><td colspan="2">Case number (If known):</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **02/17/2020** | ☒ */s/ Robert J. Riesbeck* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Robert J. Riesbeck** |
| | Printed name |
| | **Chief Executive Officer** |
| | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

**RESOLUTIONS FOR THE BOARD OF DIRECTORS, SOLE MEMBER AND MANAGER, AND MANAGING TRUSTEE, RESPECTIVELY, OF PIER 1 IMPORTS, INC. AND ITS SUBSIDIARIES**

**PIER 1 IMPORTS, INC. AND ITS SUBSIDIARIES**

**February 16, 2020**

OMNIBUS RESOLUTION

WHEREAS, each of the board of directors, the sole member and manager, and managing trustee, as applicable (each, a "Governing Body"), of Pier 1 Imports, Inc. ("Pier 1,"), Pier 1 Assets, Inc., Pier 1 Licensing, Inc., Pier 1 Holdings, Inc., Pier 1 Services Company, Pier 1 Imports (U.S.), Inc., PIR Trading, Inc., and Pier 1 Value Services, LLC (each a "Subsidiary", and collectively with Pier 1, the "Company" or each, a "Company", as applicable) considered presentations by management (the "Management") and the financial and legal advisors (collectively, the "Advisors") of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to Pier 1 and each Subsidiary, and the effect of the foregoing on such entity's businesses;

WHEREAS, each Governing Body discussed the foregoing with Management and the Advisors of the Company and each Governing Body has fully considered each of the strategic alternatives available to Pier 1 and each Subsidiary and has determined, in the reasoned business judgment of each Governing Body, that the following resolutions are in the best interests of Pier 1 and each Subsidiary and their respective equityholders, creditors and other parties in interest;

NOW, THEREFORE, BE IT:

**CHAPTER 11 FILING**

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of Pier 1 and each Subsidiary, its creditors, and other parties in interest, that each such entity shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition and the voluntary petitions to be filed, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") or other court of competent jurisdiction, and shall be and hereby is authorized to file or cause to be filed an application for relief (the proceedings commenced by such application, the "CCAA Proceedings") under the provisions of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA") in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court").

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, General Counsel, Secretary, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of Pier 1 and each Subsidiary (each, an "Authorized Signatory"), acting alone or with one or more other Authorized Signatory be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the

1

Company all petitions, schedules, lists, and other motions, pleadings, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

## **RETENTION OF PROFESSIONALS**

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP, as the Company's counsel, to represent and assist Pier 1 and each Subsidiary in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the Company; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the law firm of Kutak Rock LLP, as the Company's counsel, to represent and assist Pier 1 and each Subsidiary in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the Company; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kutak Rock LLP in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the firm of AP Services, LLC as the Company's financial advisor, to represent and assist Pier 1 and each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each Authorized Signatory is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain AP Services, LLC in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the firm of Guggenheim Securities, LLC, as the Company's investment banker, to represent and assist Pier 1 and each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each Authorized Signatory is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Guggenheim Securities, LLC in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the firm of PricewaterhouseCoopers LLP, as the Company's tax advisor, to represent and assist Pier 1 and each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each Authorized Signatory is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PricewaterhouseCoopers LLP in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the firm of Epiq Corporate Restructuring, LLC as the Company's notice, claims, and balloting agent and as administrative advisor, to represent and assist Pier 1 and each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Epiq Corporate Restructuring, LLC in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the firm of A&G Realty Partners, LLC as the Company's real estate consultant and advisor, to represent and assist Pier 1 and each Subsidiary in carrying out its duties under the Bankruptcy Code, the CCAA, and the CCAA Proceedings; and, in connection therewith, each Authorized Signatory is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain A&G Realty Partners, LLC in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the law firm of Osler, Hoskin & Harcourt LLP as the Company's counsel, to represent and assist Pier 1 and each Subsidiary in carrying out its duties under the CCAA and the CCAA Proceedings and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings with the Canadian Court on behalf of the Company; and, in connection therewith, each Authorized Signatory is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, and pay appropriate retainer, and authorized and empowered to cause to be filed an appropriate application for authority to retain Osler, Hoskin & Harcourt LLP in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code and the CCAA; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable.

3

RESOLVED, that each Authorized Signatory be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each Authorized Signatory deem necessary, appropriate, or desirable in connection with the Chapter 11 Cases and the CCAA Proceedings.

### PLAN SUPPORT AGREEMENT

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interests of the Company, its equityholders, its creditors, and other parties in interest to enter into the Plan Support Agreement, and that the Company's performance of its obligations under the Plan Support Agreement be and hereby is, in all respects, authorized and approved.

RESOLVED, that each Authorized Signatory, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute the Plan Support Agreement on behalf of the Company, perform all the transactions contemplated thereby.

### SENIOR SECURED, SUPER-PRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT

RESOLVED, that the form, terms and provisions of that certain Senior Secured, Super-Priority Debtor-In-Possession Credit Agreement, dated on or around the date hereof (the "Credit Agreement"), by and among Pier 1 Imports (U.S.), Inc., a Delaware corporation (the "Borrower"), the Facility Guarantors (as defined therein), the financial institutions from time to time party thereto as lenders (the "Lenders"), Pathlight Capital L.P., a Delaware partnership, as DIP ABL Term Loan Agent, and Bank of America, N.A., as Administrative Agent and Collateral Agent for the Lenders (in such capacity, the "Agent"), and the form, terms and provisions of each of the instruments and documents listed below (together with the Credit Agreement, collectively, the "Loan Documents"), be, and hereby are, in all respects approved; and further resolved, that each Company's performance of its respective obligations under the Credit Agreement and the other Loan Documents, including the borrowings thereunder, as applicable, the grant of a security interest in all or substantially all of the assets of such Company, and the guarantee of the obligations thereunder, as applicable, be, and hereby are, in all respects, approved; and further resolved, that each of the chief executive officer, the president, the chief financial officer, any vice president, the treasurer, the secretary or any assistant secretary of each Company and any other person designated by the applicable Governing Body from time to time (collectively, the "Authorized Officers" and individually, an "Authorized Officer"), acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered to execute and deliver (including by facsimile, electronic or comparable method) the Credit Agreement, each of the other Loan Documents, and each of the instruments and documents contemplated thereby, in the name and on behalf of each Company of which he or she is an Authorized Officer, under its respective company seal or otherwise, with such changes therein as shall be approved by the Authorized Officer executing the same, with such execution by said Authorized Officer to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from the form presented to the applicable Governing Body:

(i)      the Notes, if any;

(ii)     any fee letter in connection with the Credit Agreement;

(iii)    the Security Agreement, together with such agreements, assignments or instruments (including, without limitation, stock powers, affidavits, financing statements, notices, intellectual property security agreements, reaffirmations and amendments and restatements of existing documents) as may be reasonably requested by the Agent;

(iv)     the Interim Order (including the Order of the Canadian Court in the CCAA Proceedings recognizing the Interim Order in Canada);

(v)      the Final Order (including the Order of the Canadian Court in the CCAA Proceedings recognizing the Final Order in Canada);

(vi)     any guarantee, pledge agreement or any other Security Document or Loan Document (each as defined in the Credit Agreement) in connection with the Credit Agreement;

(vii)    any commitment letter in connection with the Credit Agreement;

(viii)   Uniform Commercial Code and PPSA financing statements, fixture filings, intellectual property security agreements and other instruments as may be requested by the Agent or as may be necessary or appropriate to create, preserve and perfect the security interests purported to be created by the Loan Documents;

(ix)     a mortgage, if any, on each piece of parcel property owned by each Company and a leasehold mortgage, if any, on each parcel of real property leased by each Company;

(x)      such swap agreements, master agreements and other instruments or certificates requested by the Agent in connection with hedging matters;

(xi)     such agreements with third parties (including, without limitation, blocked account agreements, bank agency agreements, lockbox agreements, control agreements, tri-party agreements with licensors, credit card notifications, customs broker agreements, landlord agreements, collateral access agreements and warehouse waivers) relating to the Collateral; and

(xii)    such other Loan Documents, instruments, certificates and documents as may be requested by the Agent or contemplated by the Credit Agreement or any other Loan Document.

RESOLVED, that each Company will obtain benefits from the incurrence of the Loans by the Borrower and the other obligations under the Credit Agreement and the other Loan Documents

5

which are necessary and convenient to the conduct, promotion and attainment of the business of such Company.

RESOLVED, that the granting of security interests by each Company in all or substantially all property now or hereafter owned by such Company as contemplated by the Credit Agreement, the other Loan Documents and any other agreements, documents or filings that the Agent determines are necessary, appropriate or desirable pursuant to the terms of the Loan Documents be, and hereby is, in all respects authorized and approved; and further resolved, that the Collateral Agent is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of any Company in such form and in such offices as the Collateral Agent determines appropriate.  The Collateral Agent is authorized to use the collateral description "all personal property of debtor" or "all assets of debtor" or any similar description in any such financing statements.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the Loan Documents, to arrange for and enter into supplemental agreements, instruments, certificates or documents relating to the transactions contemplated by the Credit Agreement or any of the Loan Documents and to execute and deliver all such supplemental agreements, instruments, certificates or documents, in the name and on behalf of each Company of which he or she is an Authorized Officer, under its respective company seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform such Company's obligations under or in connection with the Credit Agreement or any of the Loan Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Credit Agreement or any of the Loan Documents which shall in their sole judgment be necessary, proper or advisable.

RESOLVED, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Credit Agreement or any of the Loan Documents be, and hereby are, in all respects confirmed, approved and ratified.

RESOLVED, that the signature of any Authorized Officer shall be conclusive evidence of the authority of such Authorized Officer to execute and deliver the documents so executed.

RESOLVED, that all capitalized terms used in the resolutions under the caption "**<u>SENIOR SECURED, SUPER-PRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT</u>**" and not otherwise defined herein shall have the meanings ascribed to such terms in the Credit Agreement.

**<u>GENERAL</u>**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each Authorized Signatory (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, in each case as in such Authorized Signatory's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of Pier 1 and each Subsidiary, or hereby waives any right to have received such notice.

RESOLVED, that any and all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of Pier 1 and each Subsidiary, prior to the date of this omnibus resolution on behalf of Pier 1 and each Subsidiary be, and are hereby in all respects are approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body.

RESOLVED, that each Authorized Signatory (and their designees and delegates) and each other director, sole member and manager, or managing trustee of each direct subsidiary of each Subsidiary, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of each Subsidiary with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, directors, sole member and manager, or managing trustee of each Subsidiary, in each case, as such Authorized Signatory shall deem necessary, appropriate, or desirable in such Authorized Signatory's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

*     *     *     *     *

**Pier 1 Imports, Inc.**
**Written Consent of the Board of Directors**

**February 16, 2020**

WHEREAS, the members of the Board of Directors (the "<u>Board</u>") of Pier 1 Import, Inc., a Delaware corporation (the "<u>Company</u>"), have unanimously consented in writing (including by electronic transmission) to taking action with respect to the preambles and resolutions contained on <u>Exhibit A</u>, attached hereto, pursuant to Section 141(f) of the Delaware General Corporation Law.

IN WITNESS WHEREOF, the undersigned, being a member of the Board, hereby consents to, approves, and adopts the preambles and resolutions contained on **<u>Exhibit A</u>**, which is attached hereto.

Terry E. London

Cheryl. A. Bachelder

Robert L. Bass

Hamish A. Dodds

Brendan L. Hoffman

Katherine M.A. Kline

Michael A. Peel

Robert J. Riesbeck

_____

Ann M. Sardini

_____

Pamela B. Corrie

_____

Steven G. Panagos

<u>Being all of the directors of:</u>
*Pier 1 Imports, Inc.*

**Pier 1 Assets, Inc.**
**Written Consent of the Board of Directors**

**February 16, 2020**

WHEREAS, the members of the Board of Directors (the "Board") of Pier 1 Assets, Inc., a Delaware corporation (the "Company"), have unanimously consented in writing (including by electronic transmission) to taking action with respect to the preambles and resolutions contained on Exhibit A, attached hereto, pursuant to Section 141(f) of the Delaware General Corporation Law.

IN WITNESS WHEREOF, the undersigned, being a member of the Board, hereby consents to, approves, and adopts the preambles and resolutions contained on **Exhibit A**, which is attached hereto.

Robert J. Riesbeck

Donna N. Colaco

Being all of the directors of:
*Pier 1 Assets, Inc.*

**Pier 1 Holdings, Inc.**
**Written Consent of the Board of Directors**

**February 16, 2020**

WHEREAS, the members of the Board of Directors (the "Board") of Pier 1 Holdings, Inc., a Delaware corporation (the "Company"), have unanimously consented in writing (including by electronic transmission) to taking action with respect to the preambles and resolutions contained on Exhibit A, attached hereto, pursuant to Section 141(f) of the Delaware General Corporation Law.

IN WITNESS WHEREOF, the undersigned, being a member of the Board, hereby consents to, approves, and adopts the preambles and resolutions contained on **Exhibit A**, which is attached hereto.

Robert J. Riesbeck

Donna N. Colaco

Being all of the directors of:
*Pier 1 Holdings, Inc.*

**Pier 1 Imports (U.S.), Inc.**
**Written Consent of the Board of Directors**

**February 16, 2020**

WHEREAS, the members of the Board of Directors (the "Board") of Pier 1 Imports (U.S.), Inc., a Delaware corporation (the "Company"), have unanimously consented in writing (including by electronic transmission) to taking action with respect to the preambles and resolutions contained on Exhibit A, attached hereto, pursuant to Section 141(f) of the Delaware General Corporation Law.

IN WITNESS WHEREOF, the undersigned, being a member of the Board, hereby consents to, approves, and adopts the preambles and resolutions contained on **Exhibit A**, which is attached hereto.

Robert J. Riesbeck

Donna N. Colaco

Being all of the directors of
*Pier 1 Imports (U.S.), Inc.*

**Pier 1 Licensing, Inc.**
**Written Consent of the Board of Directors**

**February 16, 2020**

WHEREAS, the members of the Board of Directors (the "Board") of Pier 1 Licensing, Inc., a Delaware corporation (the "Company"), have unanimously consented in writing (including by electronic transmission) to taking action with respect to the preambles and resolutions contained on Exhibit A, attached hereto, pursuant to Section 141(f) of the Delaware General Corporation Law.

IN WITNESS WHEREOF, the undersigned, being a member of the Board, hereby consents to, approves, and adopts the preambles and resolutions contained on **Exhibit A**, which is attached hereto.

_____
Robert J. Riesbeck

_____
Donna N. Colaco

Being all of the directors of:
*Pier 1 Licensing, Inc.*

**Pier 1 Services Company**
**Written Consent of the Managing Trustee**

**February 16, 2020**

WHEREAS, the managing trustee of Pier 1 Services Company, a Delaware statutory trust (the "Company"), has unanimously consented in writing (including by electronic transmission) to taking action with respect to the preambles and resolutions contained on <u>Exhibit A</u>, attached hereto, pursuant to Section 141(f) of the Delaware General Corporation Law.

IN WITNESS WHEREOF, the undersigned hereby consents to, approves, and adopts the preambles and resolutions contained on **<u>Exhibit A</u>**, which is attached hereto.

By:  Pier 1 Holdings, Inc., its
Managing Trustee

By: _____
Robert J. Riesbeck, the Chief
Executive Officer of Pier 1
Holdings, Inc.

14

**Pier 1 Value Services, LLC**
**Written Consent of the Sole Member and Manager**

**February 16, 2020**

WHEREAS, the sole member and manager of Pier 1 Value Services, LLC a Virginia limited liability company (the "Company"), has unanimously consented in writing (including by electronic transmission) to taking action with respect to the preambles and resolutions contained on Exhibit A, attached hereto, pursuant to Va. Code Ann. § 13.1-1022 (2019).

IN WITNESS WHEREOF, the undersigned hereby consents to, approves, and adopts the preambles and resolutions contained on **Exhibit A**, which is attached hereto.

By: Pier 1 Imports (U.S.), Inc., its Sole Member and Manager

By: _____
Robert J. Riesbeck, the Chief Executive Officer of Pier 1 Imports (U.S.), Inc.

15

## PIR Trading, Inc.
## Written Consent of the Board of Directors

### February 16, 2020

WHEREAS, the members of the Board of Directors (the "Board") of PIR Trading, Inc., a Delaware corporation (the "Company"), have unanimously consented in writing (including by electronic transmission) to taking action with respect to the preambles and resolutions contained on Exhibit A, attached hereto, pursuant to Section 141(f) of the Delaware General Corporation Law.

IN WITNESS WHEREOF, the undersigned, being a member of the Board, hereby consents to, approves, and adopts the preambles and resolutions contained on **Exhibit A**, which is attached hereto.

_____
Robert J. Riesbeck

_____
Donna N. Colaco

Being all of the directors of:
*PIR Trading, Inc.*