Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
AnnElyse Scarlett Gains (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:       (804) 783-6192

-and-

Joshua M. Altman (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PIER 1 IMPORTS, INC., | ) | Case No. 20-30805 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-1729843 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PIER 1 ASSETS, INC., | ) | Case No. 20-30806 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-2552025 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PIER 1 HOLDINGS, INC., | ) | Case No. 20-30807 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-2668764 | ) | |

KE 65505895

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| PIER 1 IMPORTS (U.S.), INC., | ) | Case No. 20-30808 |
| Debtor. | ) | |
| Tax I.D. No. 75-1673348 | ) | |
| In re: | ) | Chapter 11 |
| PIER 1 LICENSING, INC., | ) | Case No. 20-30809 |
| Debtor. | ) | |
| Tax I.D. No. 75-2552034 | ) | |
| In re: | ) | Chapter 11 |
| PIER 1 SERVICES COMPANY, | ) | Case No. 20-30810 |
| Debtor. | ) | |
| Tax I.D. No. 75-2668767 | ) | |
| In re: | ) | Chapter 11 |
| PIR TRADING, INC., | ) | Case No. 20-30811 |
| Debtor. | ) | |
| Tax I.D. No. 75-2355471 | ) | |
| In re: | ) | Chapter 11 |
| PIER 1 VALUE SERVICES, LLC, | ) | Case No. 20-30804 |
| Debtor. | ) | |
| Tax I.D. No. 22-3776169 | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] respectfully state as follows in support of this motion (this "<u>Motion</u>"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"): (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. The Debtors request that one file and one docket be maintained for all jointly administered cases under the case of Pier 1 Imports, Inc. (the direct or indirect parent company for each of the Debtors) and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PIER 1 IMPORTS, INC., *et al.*,[2] | ) ) ) | Case No. 20-30805 (___) |
| Debtors. | ) ) ) | (Jointly Administered) |

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

---

[1] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Robert J. Riesbeck, Chief Executive Officer of Pier 1 Imports, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>") filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration or as later defined herein, as applicable.

[2] The location of the Debtors' service address is 100 Pier 1 Place, Fort Worth, Texas 76102.

3

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Pier 1 Imports, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 11 cases of: Pier 1 Imports, Inc., Case No. 20-30805; Pier 1 Assets, Inc., Case No. 20-30806; Pier 1 Holdings, Inc., Case No. 20-30807; Pier 1 Imports (U.S.), Inc., Case No. 20-30808; Pier 1 Licensing, Inc., Case No. 20-30809; Pier 1 Services Company, Case No. 20-30810; PIR Trading, Inc., Case No. 20-30811; Pier 1 Value Services, LLC, Case No. 20-30804. The docket in Case No. 20-30805 should be consulted for all matters affecting these cases.

4. Finally, the Debtors seek authority to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements of the United States Trustee for Chapter 11 Debtors in Possession and Chapter 11 Trustees*, issued by the Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee"), on a consolidated basis, but the Debtors shall track and break out disbursements on a debtor-by-debtor basis in each monthly operating report.

**Jurisdiction and Venue**

5. The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and rules 1015-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

**Background**

8. The Debtors are a leading omni-channel retailer of unique home décor, furniture, and accessories. Their retail approach has focused on providing the discerning customer a curated mix of home goods from artisans around the world. The Debtors offer their merchandise through 923 stores throughout the United States and Canada as well as online through their U.S. e-commerce website. The Debtors are headquartered in Fort Worth, Texas and currently employ approximately 17,000 non-seasonal employees. On January 6, 2020, the Debtors announced the closing of up to 450 of their stores, and in connection with the filing of these chapter 11 cases, the Debtors announced the closing of all Canadian operations.

9. The Debtors commenced these chapter 11 cases to facilitate a timely and efficient process that will maximize the value of the Debtors' estates for the benefit of all stakeholders. The Debtors anticipate winding down the brick-and-mortar stores not part of their go-forward plan and will seek to implement a value-maximizing going-concern transaction for the remaining operations.

10. As of the Petition Date, each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors will also file for relief under the Companies' Creditors Arrangement Act (Canada). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these

5

chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

### Basis for Relief

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The eight (8) Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12. Further, Local Bankruptcy Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> In all joint petitions filed with the Court, the case will be administered through joint administration of the estates unless the trustee or other interested party files an objection to joint administration within 14 days after the meeting of creditors and gives notice of a hearing date on such objection.

Local Bankr. R. 1015-1.

13. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. See, e.g., *In re Gemstone Solutions Group, Inc.*, No. 19-30258 (KLP) (Bankr. E.D. Va. Jan. 17, 2019) (directing joint administration of chapter 11 cases); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Sept. 19, 2017) (same); *In re The Gymboree Corp.*, No. 17-32986 (KLP) (Bankr. E.D. Va. June 2, 2017) (same); *In re Penn Va. Corp.*, No. 16-32395 (KLP)

6

(Bankr. E.D. Va. May 13, 2016) (same); *In re Alpha Nat. Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015) (same).[3]

14. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

15. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Waiver of Memorandum of Points and Authorities

16. The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**Notice**

17. The Debtors will provide notice of this Motion via first class mail, facsimile or email (where available) to: (a) the United States Trustee for the Eastern District of Virginia, Attn: Kenneth N. Whitehurst III and Shannon F. Pecoraro; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agents and their respective counsel thereto; (e) the indenture trustee to the Debtors' industrial revenue bonds; (f) counsel to the ad hoc group of term loan lenders; (g) the lenders under certain Company-owned life insurance policies; (h) the Debtors' Canadian counsel; (i) the United States Attorney's Office for the Eastern District of Virginia; (j) the Internal Revenue Service; (k) the office of the attorneys general for the states in which the Debtors operate; (l) the Securities and Exchange Commission; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

18. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Richmond, Virginia
Dated: February 17, 2020

*/s/ Jeremy S. Williams*

| | |
|---|---|
| **KUTAK ROCK LLP** | **KIRKLAND & ELLIS LLP** |
| Michael A. Condyles (VA 27807) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Peter J. Barrett (VA 46179) | Joshua A. Sussberg, P.C. |
| Jeremy S. Williams (VA 77469) | (*pro hac vice* admission pending) |
| Brian H. Richardson (VA 92477) | Emily E. Geier (*pro hac vice* admission pending) |
| 901 East Byrd Street, Suite 1000 | AnnElyse Scarlett Gains |
| Richmond, Virginia 23219-4071 | (*pro hac vice* admission pending) |
| Telephone: (804) 644-1700 | 601 Lexington Avenue |
| Facsimile: (804) 783-6192 | New York, New York 10022 |
| Email: Michael.Condyles@KutakRock.com | Telephone: (212) 446-4800 |
| Peter.Barrett@KutakRock.com | Facsimile: (212) 446-4900 |
| Jeremy.Williams@KutakRock.com | Email: joshua.sussberg@kirkland.com |
| Brian.Richardson@KutakRock.com | emily.geier@kirkland.com |
| | annelyse.gains@kirkland.com |
| *Proposed Co-Counsel to the Debtors* | |
| *and Debtors in Possession* | **-**and- |
| | |
| | Joshua M. Altman (*pro hac vice* admission pending) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: josh.altman@kirkland.com |
| | |
| | *Proposed Co-Counsel to the Debtors* |
| | *and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

| | |
|---|---|
| Joshua A. Sussberg, P.C. (*pro hac vice* admission pending) | Michael A. Condyles (VA 27807) |
| Emily E. Geier (*pro hac vice* admission pending) | Peter J. Barrett (VA 46179) |
| AnnElyse Scarlett Gains (*pro hac vice* admission pending) | Jeremy S. Williams (VA 77469) |
| **KIRKLAND & ELLIS LLP** | Brian H. Richardson (VA 92477) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KUTAK ROCK LLP** |
| 601 Lexington Avenue | 901 East Byrd Street, Suite 1000 |
| New York, New York 10022 | Richmond, Virginia 23219-4071 |
| Telephone:    (212) 446-4800 | Telephone:    (804) 644-1700 |
| Facsimile:    (212) 446-4900 | Facsimile:    (804) 783-6192 |

-and-

Joshua M. Altman (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PIER 1 IMPORTS, INC., | ) | Case No. 20-30805 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-1729843 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PIER 1 ASSETS, INC., | ) | Case No. 20-30806 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-2552025 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PIER 1 HOLDINGS, INC., | ) | Case No. 20-30807 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-2668764 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| PIER 1 IMPORTS (U.S.), INC., | ) | Case No. 20-30808 |
| Debtor. | ) | |
| Tax I.D. No. 75-1673348 | ) | |
| In re: | ) | Chapter 11 |
| PIER 1 LICENSING, INC., | ) | Case No. 20-30809 |
| Debtor. | ) | |
| Tax I.D. No. 75-2552034 | ) | |
| In re: | ) | Chapter 11 |
| PIER 1 SERVICES COMPANY, | ) | Case No. 20-30810 |
| Debtor. | ) | |
| Tax I.D. No. 75-2668767 | ) | |
| In re: | ) | Chapter 11 |
| PIR TRADING, INC., | ) | Case No. 20-30811 |
| Debtor. | ) | |
| Tax I.D. No. 75-2355471 | ) | |
| In re: | ) | Chapter 11 |
| PIER 1 VALUE SERVICES, LLC, | ) | Case No. 20-30804 |
| Debtor. | ) | |
| Tax I.D. No. 22-3776169 | ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-30805 (___).

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

3. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PIER 1 IMPORTS, INC., *et al.*,[2] | ) | Case No. 20-30805 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Pier 1 Imports, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 11 cases of: Pier 1 Imports, Inc., Case No. 20-30805; Pier 1 Assets, Inc., Case No. 20-30806; Pier 1 Holdings, Inc., Case No. 20-30807; Pier 1 Imports (U.S.), Inc., Case No. 20-30808; Pier 1 Licensing, Inc., Case No. 20-30809; Pier 1 Services Company, Case No. 20-30810; PIR Trading, Inc., Case No. 20-30811; Pier 1 Value Services, LLC, Case No. 20-30804. The docket in Case No. 20-30805 should be consulted for all matters affecting these cases.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Eastern District of Virginia shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* Docket No. [●]. The location of the Debtors' service address is 100 Pier 1 Place, Fort Worth, Texas 76102.

4

7. The Debtors are authorized to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements of the United States Trustee for Chapter 11 Debtors in Possession and Chapter 11 Trustees*, issued by the Office of the United States Trustee for the Eastern District of Virginia, on a consolidated basis, but the Debtors shall track and break out disbursements on a debtor-by-debtor basis in each monthly operating report.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, the Debtors, or the Debtors' estates, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
Richmond, Virginia

_____
United States Bankruptcy Judge

WE ASK FOR THIS:

/s/ *Jeremy S. Williams*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:       (804) 644-1700
Facsimile:       (804) 783-6192

- and -

Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
AnnElyse Scarlett Gains (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900

- and -

Joshua M. Altman (*pro hac vice* admission pending)
300 North LaSalle Street
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Jeremy S. Williams*